UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN COLLINE, | No. 2:14-cv-00693-TLN-KJN |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| DAVID ALEXANDER, | |
| Defendant. | |

On March 14, 2014, defendant David Alexander ("defendant"), who is proceeding without counsel, removed this unlawful detainer action from the Sacramento County Superior Court.[1] (ECF No. 1.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). For the reasons outlined below, the court finds that it lacks subject matter jurisdiction over the action and recommends that the action be remanded to state court.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

////

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, defendant contends that federal question jurisdiction exists because "plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (ECF No. 1 at 2.) Defendant further contends that 12 U.S.C. § 5201 "is drawn into controversy in this action because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding" and defendant asserts "that plaintiff did not allow the ninety day period to lapse before filing his claim" in state court. Id. at 2-3.

Defendant has not shown that removal is proper on the basis of federal question jurisdiction. The state court pleadings and papers accompanying the removal notice establish that the state court action is nothing more than an unlawful detainer action, and is titled as such. (See

ECF No. 1 at 5-16.) Plaintiff, the apparent owner of the subject real property in Sacramento County, California, filed suit in Sacramento County Superior Court on February 7, 2014, seeking to evict defendant from the property. (Id.) This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court. While defendant may seek to raise a defense based on federal law in response to plaintiff's unlawful detainer claim, any defenses based on federal law must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

Furthermore, defendant does not argue and or otherwise show that removal is proper on the basis of diversity jurisdiction. In the notice of removal, defendant states that plaintiff is a limited liability company authorized to do business within the state of California and that defendant "is an individual and resident of Sacramento County, California." (ECF No. 1 at 2.) Accordingly, it appears that both parties are citizens of California. Therefore, complete diversity is not present and, thus, removal is not proper under diversity jurisdiction. See 28 U.S.C. § 1332.

Moreover, defendant has confirmed that he is a citizen of California (ECF No. 1 at 2), and therefore he cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added); Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co., 846 F.2d 1213, 1215 (9th Cir. 1988) ("[F]or diversity removal to be proper, none of the defendants may be a citizen of the state in which the action is brought.")

4

1  (citing 28 U.S.C. § 1441(b)).

2  Even assuming that the parties are citizens of different states and defendant is not a citizen of California, defendant has not demonstrated that the amount in controversy in this case exceeds $75,000. A review of plaintiff's complaint confirms that the action was filed as a "limited" civil case where the damages at stake are less than $10,000. (ECF No. 1 at 5-11.) When the plaintiff has alleged a specific amount in damages or alleged that damages do not exceed $10,000, those damages allegations govern the propriety of removal. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."[2] Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Here, defendant has not established that this court can maintain diversity jurisdiction given that, on its face, plaintiff's complaint conspicuously describes the damages at stake as "not exceed[ing $]10,000" and states that "[t]he fair rental value of the premises is estimated at $33.33 per day which plaintiff is entitled to from and after February 1, 2014."[3] (ECF No. 1 at 6 (civil case cover sheet), 11 (attachment to complaint)).

Based on the foregoing analysis, the court finds that it lacks subject matter jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be REMANDED to the Sacramento County Superior Court.

2. The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the

---

[2] See, e.g., Wachovia Mortgage FSB v. Atencio, No. C 09-5275 BZ, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010) (unpublished) (holding that, where the "title of the state court complaint provides that the amount in damages is less than $10,000," plaintiff has plead a "specific amount in damages" such that it is not necessary to look beyond the face of the complaint); cf. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting that the inquiry is not confined to the face of the complaint when the amount in controversy is not stated therein).

[3] See, e.g., Arcuri v. State Farm Mut. Auto. Ins. Co., No. 2:13–cv–00416–GMN–NJK, 2013 WL 5781733, at *2 (D. Nev. Oct. 16, 2013) (unpublished) ("a bare assertion of the amount in controversy, devoid of any indication from the face of the complaint, is not enough to establish federal jurisdiction.").

Sacramento County Superior Court, and reference the state case number (No. 14UD01152) in the proof of service.

     3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6