UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN COLLINE, | No. 2:14-cv-1245-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| DAVID ALEXANDER, | |
| Defendant. | |

This is an unlawful detainer action that was removed to this Court on May 21, 2014 by Defendant David Alexander, proceeding without counsel, from the Sacramento County Superior Court. (ECF No. 1.) A review of this Court's records indicates that defendant has already once before removed this same state court action to federal court. See Colline v. Alexander, 2:14-cv-693-TLN-KJN. Therefore, the Court concludes that this action should be related to the prior action pursuant to Local Rule 123(d). See E.D. Cal. L.R. 123(d) ("An action may not be dismissed and thereafter refiled for the purpose of obtaining a different Judge or Magistrate Judge. If an action is dismissed and it, or one essentially the same, is refiled, it shall be assigned to the same Judge and Magistrate Judge.").

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

1

1  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
2  raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).
3  Because subject matter jurisdiction may not be waived by the parties, a district court must remand
4  a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v.
5  Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l
6  Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c)
7  ("If at any time before final judgment it appears that the district court lacks subject matter
8  jurisdiction, the case shall be remanded").  For the reasons outlined below, the Court finds that it
9  lacks subject matter jurisdiction over the action and thus remands the case to state court.
10  In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

15  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."
16  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The
17  removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction
18  "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic
19  Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation
20  marks omitted).
21  A federal district court generally has original jurisdiction over a civil action when: (1) a
22  federal question is presented in an action "arising under the Constitution, laws, or treaties of the
23  United States" or (2) there is complete diversity of citizenship and the amount in controversy
24  exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).
25  In regards to federal question jurisdiction, federal courts have "jurisdiction to hear,
26  originally or by removal from a state court, only those cases in which a well-pleaded complaint
27  establishes either that federal law creates the cause of action, or that the plaintiff's right to relief
28  necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v.

1  Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v.
2  Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-
3  question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
4  federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's
5  properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks
6  omitted). "In determining the existence of removal jurisdiction, based upon a federal question,
7  the court must look to the complaint as of the time the removal petition was filed." Abada v.
8  Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks
9  omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus.
10 Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a
11 state cause of action does not automatically confer federal question jurisdiction"). Also, defenses
12 and counterclaims cannot provide a sufficient basis to remove an action to federal court. See
13 Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.
14 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

15         Here, removal cannot be based on federal question jurisdiction. The state court pleadings
16 and papers accompanying the notice of removal indicate that the state court action is nothing
17 more than a simple unlawful detainer action. This Court has no jurisdiction over unlawful
18 detainer actions, which are brought pursuant to state law and fall strictly within the province of
19 the state court.

20         Defendant contends that federal question jurisdiction exists because Plaintiff's claim is
21 purportedly based on, and/or draws into the controversy of this action, the Protecting Tenants at
22 Foreclosure Act ("PTFA"). See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009). The PTFA
23 "provides certain protections to tenants who reside in properties subject to foreclosure," including
24 the requirement that a 90-day notice to vacate be given to bona fide tenants. SD Coastline LP v.
25 Buck, 2010 WL 4809661, at **1-2 (S.D. Cal. Nov. 19, 2010) (unpublished). However, Plaintiff's
26 complaint itself is strictly an action based on the California unlawful detainer statutes, and
27 Defendant's reference to the PTFA is best characterized as a potential defense or counterclaim,
28 neither of which is considered in evaluating whether a federal question appears on the face of a

Plaintiff's complaint.

Any defenses or counterclaims based on federal law must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") Indeed, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision of the PTFA. See, e.g., Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at **2-3; Aurora Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the PTFA's notice provision is an attempt to premise the court's subject matter jurisdiction on a defense or counterclaim.[1]

Furthermore, this action cannot be removed on grounds of diversity jurisdiction. First, the amount in controversy does not exceed $75,000, because Plaintiff's complaint specifically does not seek more than $10,000. (ECF No. 1 at 5.) Second, even if the amount in controversy exceeded $75,000, Defendant is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right

---

[1] Additionally, federal district courts have concluded that the PTFA does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010) (unpublished).

4

arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*") (emphasis added).

Based on the aforementioned analysis, the court finds that it lacks federal subject matter jurisdiction over Plaintiff's unlawful detainer action brought pursuant to California law.  As such, the case must be remanded to state court.

Finally, as noted above, this is now the second time that Defendant has improperly removed Plaintiff's state unlawful detainer action to federal court.  In its order remanding the prior federal case, issued on April 17, 2014, the Court carefully outlined the above-mentioned law and explained why the Court lacked subject matter jurisdiction over Plaintiff's unlawful detainer action (and in particular, why any defense or counterclaim under the PTFA did not confer subject matter jurisdiction on the court).  See Colline v. Alexander, 2:14-cv-693-TLN-KJN, ECF Nos. 4, 7.  Just over a month later, on May 21, 2014, Defendant filed the present notice of removal.  Defendant's conduct strongly suggests that he is merely trying to delay and/or frustrate the progress and resolution of the unlawful detainer action in state court.

Defendant is hereby put on notice that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Although the Court, in light of Defendant's *pro se* status, presently declines to order the payment of costs and expenses, Defendant is cautioned that any future improper removals may result in an award of costs and expenses to Plaintiff pursuant to 28 U.S.C. § 1447(c), and/or the imposition of any other appropriate sanctions.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. This action, which is found to be related for purposes of Local Rule 123(d) to a prior action (Colline v. Alexander, 2:14-cv-693-TLN-KJN), shall be reassigned to Judge Troy L. Nunley and Magistrate Judge Kendall J. Newman for all further proceedings. Henceforth the caption on all documents filed in this reassigned case shall be shown as

2:14-cv-1245-TLN-KJN.

2. The Clerk of Court shall make an appropriate adjustment in the assignment of cases to compensate for this reassignment.

3. The action is REMANDED to the Sacramento County Superior Court.

4. The Clerk of Court shall serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (14UD01152) in the proof of service.

5. The Clerk of Court shall vacate any dates and close this case.

IT IS SO ORDERED.

Dated: May 30, 2014

Troy L. Nunley
United States District Judge